### In re BEGGS.

### No. 67050.

United States District Court
N. D. Ohio, E. D.

Oct. 16, 1950.

Joseph A. Luarde, Warren, Ohio, for bankrupt.

Reed S. Battin, Warren, Ohio, for objecting creditor.

Bernard W. Rosenberg, Warren, Ohio, trustee.

WOODS, Referee.

William Rey Beggs, a.k.a. William Ray Beggs, a.k.a. W. R. Beggs, of Warren, Ohio, was adjudicated a bankrupt on the 24th day of April, 1950, and Bernard W. Rosenberg is the Trustee in Bankruptcy.

Specification of Objections to the Discharge of this bankrupt were filed by Peter Papp, Jr., on the following grounds:

"(1) That the bankrupt William Ray Beggs did on the first day of September, 1948, transfer to his wife, Elva M. Beggs, for the consideration of love and affection, all interest to real estate of which he was the owner after judgments had been secured against him in the Common Pleas Court, Trumbull County, Ohio, and other litigation was pending; that the creditor, Peter Papp, Jr., did file an action in the Common Pleas Court, Trumbull County to set aside said real estate action on the grounds that the transfer was made to delay, hinder and defraud said bankrupt's creditors, of which Peter Papp, Jr. was one; that said action is now pending in the Common Pleas Court of Trumbull County, Ohio, and that the bankrupt filed his petition in bankruptcy after said case was pending in said Common Pleas Court of Trumbull County, Ohio.

"(2) That the bankrupt, William Ray Beggs, on September 1, 1948 was the owner of real estate situated in the County of Trumbull, State of Ohio, hereinafter described: (Parcels 1 and 2 are described by metes and bounds as appears in deed and such descriptions are herein omitted.)

"Further the creditor, Peter Papp, Jr., says that the Trumbull Savings & Loan Company of Warren, Ohio, holds a first mortgage on said property and that the bankrupt has made regular mortgage payments on said property, before the filing of his petition in bankruptcy, during the pendency of said petition and as a result thereof has defrauded his creditors by transferring the same solely for the purpose of hindering, delaying, and evading the payment of creditors.

"(3) The creditor, Peter Papp, Jr., further says that the bankrupt, William R. Beggs, has continued to make said payments to the Trumbull Savings and Loan Company, although in his sworn statement he denies that he has made any payments to creditors."

Exceptions to the Specification of Objections to Discharge were filed by counsel for bankrupt and at the hearing decision thereon was reserved so that after the evidence was taken all questions would be disposed of at one time.

The relevant statute, Section 14, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c, provides as follows: "(c) The court shall * * * discharge unless satisfied that the bankrupt has * * * (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, * * * any of his property, with intent to hinder, delay, or defraud his creditors".

At the hearing it was admitted by bankrupt that he made the transfer on said real estate to his wife, Elva M. Beggs, on September 1, 1948; but denies that he made any payments thereafter of his own funds to apply upon the mortgage debt, and says that any payments thereafter made were from funds received from a son, and these were paid either by the wife or by bankrupt as agent for the wife, and further says that he has been ill since the transfer was made and only within the last month or so has he been able to earn any sum, and no contradictory evidence was offered.

■■■■ The rule is that in order to justify the refusal of a discharge under Section 14, sub. c(4), it must be shown that the acts complained of were done with intent to defraud, hinder and delay the creditors of said bankrupt. This must be actual fraudulent intent as distinguished from constructive intent. The question of whether the bankrupt had the necessary intent is a question of fact.

Where the husband conveyed to the wife the home which was heavily mortgaged shortly before filing the bankruptcy petition, it was held that a fraudulent purpose was not established; it was there held that evidence of a positive fraud must be intended before a discharge would be refused. In re Williams, D.C., 286 F. 135, 4 Am. Bankr.Rep., N.S., 1106.

■■■■ Admitting as true all the facts brought out by counsel for the objecting creditor, as has often been said, it is not so much the acts of the bankrupt that will prevent his discharge, as it is the intent with which he acts. In re Tirschler & Co., D.C., 18 F.2d 365, 8 Am.Bankr.Rep., N.S., 824. This was early pointed out in Re Nelson, D.C., 179 F. 320.

■■■■ The intent to prefer creditors is not a substitute for the intent to hinder, delay or defraud creditors; that is to say, the court distinguishes between these situations. 1 Collier on Bankruptcy, 14th Ed. pgs. 1381-2-3. In Remington on Bankruptcy, Vol. 7, in Section 3219, page 455, it is stated that unless the bankrupt has committed some one or more of the acts prohibited by the Bankruptcy Act, his discharge shall be granted; and Section 14, sub. c prescribes the acts which bar discharge. Specifically, under the same section, the author states: "A mere preferential transfer by the bankrupt is insufficient to bar discharge". Cases cited.

A recent case to the same effect is In re Casey, D.C.E.D.N.Y.1944, 57 F.Supp. 805, where Judge Byers held that the bankrupt's gift of a piano to his wife and daughter at Christmas, while a tort action was pending against him, was not a transfer with fraudulent intent, and the discharge could not be denied for such transfer.

■■■■ The finding is that the Exceptions to the Specification of Objections filed by counsel for bankrupt should be sustained, that the Specification of Objections to Bankrupt's discharge be overruled and dismissed and that a discharge be granted, to all of which the objector may have his exceptions.

### Order Overruling Objections and Discharging Bankrupt.

At Youngstown, in said District on the 16th day of October, 1950, before Wm. B. Woods, Referee in Bankruptcy of said Court,

It appearing that William Rey Beggs, a.k.a. Wiliam Ray Beggs, a.k.a. W. R. Beggs, of Warren, Ohio, in said District, has been duly adjudged a bankrupt under the acts of Congress relating to bankruptcy,

and appears to have conformed to all the requirements of law in that behalf, and;

It further appearing that Specification of Objections to the discharge of this bankrupt were filed by Peter Papp, Jr., a creditor, and parties were in Court, and hearing had; and it appearing that proof fails to establish the fact alleged in the Specification of Objections so as to prevent a discharge of the bankrupt under Section 14 of the Bankruptcy Act;

It is, therefore, ordered that said Specifications be and they hereby are overruled and dismissed;

It is further ordered by this Court that William Rey Beggs, a.k.a. William Ray Beggs, a.k.a. W. R. Beggs, be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 24th day of April, 1950, on which day the petition for adjudication was filed by William Rey Beggs, a.k.a. Wiliam Ray Beggs, a.k.a. W. R. Beggs; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy, to all of which the said objector excepts.